N/S

FILED
CLERK, U.S. DISTRICT COURT

2/19/14

CENTRAL DISTRICT OF CALIFORNIA
BY: CS         DEPUTY

Francis S. Ryu, Esq.; SBN 176597   **ORIGINAL**
francis@ryulaw.com
Jennifer Chang, Esq.; SBN 282804
Jennifer@ryulaw.com
**RYU LAW FIRM**
5900 Wilshire Boulevard, Suite 2250
Los Angeles, California 90036
Telephone: (323) 931-5270
Facsimile: (323) 931-5271

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**CV14 - 1027** RGK (ASx)

| | |
|---|---|
| N.G., a minor, by and through her Guardian ad Litem SHONTAY ACKERSON, | CASE NO. |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR:** |
| vs. | **(1)** TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. § 1681 ET SEQ.; AND |
| ANTELOPE VALLEY UNION HIGH SCHOOL DISTRICT, a government entity; BRIDGET COOK, both individually and in her official capacity; DAVID VIERRA, both individually and in his/her official capacity; TOM GRADY, both individually and in his official capacity; SUSANA LEONETTI-JOHNSON, both individually and in her official capacity; and DOES 1 through 25, inclusive, | **(2)** U.S. CONSTITUTION AMENDMENT XIV DENIAL OF EQUAL PROTECTION ON THE BASIS OF SEX. |
| | **Jury Trial Demanded** |
| Defendants. | |

LODGED
FEB 10 PH 3:18
U.S. DISTRICT COURT
CAL. DISTRICT OF
LOS ANGELES

By Fax

Clerk, US District Court
COURT 4612
FEB 10 2014

1

COMES NOW Plaintiff, N.G., by and through Guardian ad Litem, SHONTAY ACKERSON, and by and through their counsel, RYU LAW FIRM, who now brings this action against the above-named Defendants as follows:

## GENERAL ALLEGATIONS

1.     N.G. is a minor with a current residence in the city of Palmdale, Los Angeles County, State of California.

2.     Defendant Antelope Valley Union High School District ("School District") is a government subdivision of the State of California, located in Los Angeles County, State of California. It is an educational agency operating programs and activities receiving federal financial assistance.

3.     Defendant Bridget Cook is an individual with a current residence in Los Angeles County, State of California. At all pertinent times, Defendant Bridgett Cook was an employee of Defendant School District and has served, and continues to serve as its General Counsel.

4.     Defendant David Vierra ("Superintendent") is an individual with a current residence in Los Angeles County, State of California. At all pertinent times, Defendant David Vierra was an employee of Defendant School District and has served, and continues to serve as its Superintendent.

5.     Defendant Tom Grady ("Vice Principal") is an individual with a current residence in Los Angeles County, State of California. At all pertinent times, Defendant Tom Grady was an employee of Defendant School District and has served, and continues to serve as its Vice Principal at Phoenix High School, South Campus ("Phoenix High") in the city of Palmdale, Los Angeles County, State of California.

6.     Defendant Susana Leonetti-Johnson ("Counselor") is an individual with a current residence in Los Angeles County, State of California. At all pertinent times, Defendant Susana Leonetti-Johnson was an employee of Defendant School District and

2

has served, and continues to serve as its Counselor at Phoenix High in the city of Palmdale, Los Angeles County, State of California.

7.     The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of Defendants sued herein as DOES 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such under fictitious names.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities have been ascertained.

8.     Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants acted in all respects pertinent to this action as the agent of the other Defendants; carried out a joint scheme, business plan or policy in all respects pertinent hereto; and as such, the acts of each of the Defendants are legally attributable to the other Defendants.

9.     Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants, including DOES 1 through 25, inclusive, was the agent, servant supervisors, employee and/or joint venturer of each of the other Defendants, and in doing the things alleged here in, acted in the course and scope of such agency, educational service, relationship and employment at the time of the acts and omissions herein alleged.

## JURISDICTION AND VENUE

10.     Plaintiff's claims as set forth in the Complaint is based on 42 U.S.C. § 1681 and § 1983.  This Court's jurisdiction is pursuant on 28 U.S.C. § 1331 and § 1343.

11.     All of the acts complained of in the Complaint took place in Los Angeles County, State of California, and venue is properly laid in the United States District

Court for the Central District of California pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

12.     N.G. has been enrolled at Phoenix High since February 25, 2013, as a student with a Specific Learning Disability[1].

13.     While enrolled at Phoenix High, N.G. became the victim of an ongoing and severe harassment and abuse by a female classmate named "Jasmine."

14.     The bullying started within a month of N.G. enrolling at Phoenix High.

15.     On numerous occasions, Jasmine would bully, harass and threaten N.G.. Not only is Jasmine personally attacking N.G.; but Jasmine's sister and her friends are also tormenting N.G. as well.

16.     Specifically, Jasmine and her friends would harass N.G. by calling her names such as "fag," "dyke," and "trying to be a boy" because N.G. identifies herself as a boy.

17.     N.G. had no clue as to what the word "dyke" meant, so she asked Ms. Shontay Ackerson ("Mother").  Thereupon, Mother had to explain to N.G. what the word meant.  This made Mother worrisome, so Mother expressed her concerns to Vice Principal, but the name calling continued and nothing was done.

18.     On one occasion, N.G. was "trapped" in the girl's bathroom with several girls and was tormented by them.  That day, N.G. wore a "strap[2]" to school because she identifies herself as a boy.  N.G. was patted down upon entering the campus by a security staff and the security staff felt N.G.'s strap.  Thereupon, the security guards maliciously made aware of N.G.'s strap to Jasmine and her friends, allowed the girls to

---

[1] Specific Learning Disability means "a disorder in one or more of the basic psychological processes involved in understanding or in using language, spoken or written, which may manifest itself in the imperfect ability to listen, think, speak, read, write, spell, or perform mathematical calculations." 20 U.S.C. § 1401(30).

[2] N.G. secured a sock in her personal part area.

4

follow N.G. into the bathroom where they cornered her and proceeded to harass and torment her in an intimidating manner. N.G. justifiably felt threatened and in fear for her safety. The girls demanded that N.G. show them her strap. The female security guard came in and broke the girls up. The girls were all sent back to class.

19. N.G. came home and discussed the incident with Mother. Mother was very concerned so she called Vice Principal. When Mother called school about the bathroom incident, Mother heard people in the office laughing about the "strap." Further, during Mother's conversation with Vice Principal, Mother learned of the school's policy that only one girl at a time may use the girls' bathroom, and at all times the doors are kept locked so a security guard would have to let the girls in one at a time. While a female student is using the bathroom, the security guard would wait outside the door to ensure that only one girl in. The rational for this policy is to ensure that each female student is afford her safety and privacy.

20. In light of this policy, it is unknown how Jasmine and her friends gained access to the bathroom. Vice Principal was in disbelief that the incident occurred and assured Mother that he was going to talk to the female security and find out what happened. Vice Principal never followed up with Mother.

21. Another incident took place while N.G. was in her Physical Education class. Jasmine was suspended that day and Jasmine's friends' approached N.G. while in class and started harassing her as to why Jasmine got suspended. Jasmine's friends apparently thought that Jasmine was suspended because of N.G.. However, N.G. had nothing to do with Jasmine's suspension. Despite N.G. telling the girls that she had nothing to do with Jasmine's suspension, they continued to harass her and called her a "snitch" because they believed that N.G. was a snitch.

22. Again, both N.G. and Mother reported this incident and made numerous reports of this ongoing bullying to Vice Principal. In fact, Mother had several face-to-face meetings with Vice Principal in his office, but nothing ever was done to resolve or

5

address the issue.

23.    During one of the meetings, Mother requested a meeting with Jasmine's mother.  Mother wanted to try to resolve this ongoing animosity with Jasmine's mother and talk to the girls together.  However, Vice Principal refused Mother's request.

24.    Only after N.G. and Mother made repeated complaints to Vice Principal was N.G. removed from Physical Education class and separated from Jasmine.  However, despite their separation, Jasmine continued to, and continues to bully and harass N.G..

25.    Specifically, Jasmine came by N.G.'s General Education class and said to the teacher, "this class is full of boys anyways," loud enough for everyone in the class to hear.  It is unknown how Jasmine was able to visit N.G.'s class.  Although N.G. identifies herself as a boy, Jasmine's comment offended N.G. because it was said in a condescending manner.  Again, this incident was reported to the Vice Principal, but nothing was done.

26.    Furthermore, on or about October 4, 2013, Jasmine and a student named Angel threatened to "jump" N.G. in the bathroom later that day.  N.G. was so visibly upset over the situation that her teacher allowed N.G. to call Mother from the classroom.  Mother told N.G. to go and speak with Vice Principal right away.

27.    Mother informed N.G.'s Special Education Attorney, Heather S. Walters, of N.G.'s predicament.  Thereupon, Ms. Walters wrote an email to Ms. Bridget Cook, District's General Counsel, because Ms. Walters was concerned for N.G.'s safety on the same day (October 4, 2013) at 11:22 am.

28.    Ms. Bridget Cook responded to Ms. Walters' concerns on or about October 7, 2013 at 12:09 pm, stating that she notified the school Vice Principal and Counselor about N.G.'s bullying, and is waiting to hear back from them.  However, Ms. Walters never heard back from Ms. Bridget Cook.

29.    On or about October 25, 2013, Ms. Walters emailed Superintendent

6

because of the continuing bullying situation at school. Ms. Walters subsequently informed Superintendent of the October 4, 2013 incident; how terrified Mother was for N.G.'s safety; and that ultimately no action has been taken by Phoenix High to stop the bullying and/or to reassure N.G. and Mother of N.G.'s safety. Ms. Walters therefore requested an immediate intervention of the situation, and further asked Superintendent to address the issue. Once again, nothing was done.

30.    Instead, Ms. Walters was berated and insulted by Ms. Bridget Cook on the telephone on or about October 30, 2013, immediately prior to an Individualized Education Plan meeting in which they both participated by phone. Specifically, Ms. Bridget Cook berated Ms. Walters, among other things, that "any time you communicate with anyone besides me, you will be ignored," she called Ms. Walters communication with the School District "annoying" and "frustrating," and "your clients were notified about how it [the bullying situation] was going to be handled ... that's all that is required to do by the law."

31.    Further, Mother expressed concerns of N.G.'s bullying situation during this meeting, but Ms. Bridget Cook stopped Mother and advised her that it wasn't time to address such issues. Despite Mother's request as to when would be the "right time" to discuss such issues as N.G.'s bullying situation, all Ms. Bridget Cook did was inform Mother that she will give Mother the appropriate paperwork to file a complaint for the bullying situation. However, Mother never received anything.

32.    This means that School District; Vice Principal; Counselor; and Ms. Bridget Cook made no attempts to protect N.G. from Jasmine and her friends' escalating and frightening bullying.

33.    Due to this constant and continuous threat to her safety, N.G. became academically disadvantaged as her ability to learn and partake in a meaningful education was compromised. The harassment and bullying directly contributed to N.G.'s declined academic performance.

7

**FIRST CAUSE OF ACTION**

**Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. Student-on-Student Harassment Due to Sex
(Against Defendant District)**

34.    Plaintiff incorporates by reference and realleges paragraphs 1 through 33 of this Complaint as though set forth fully herein.

35.    Plaintiff, upon information and belief, alleges that the School District receives and have received at all relevant times, federal financial assistance.

36.    The above-described acts and omissions by the School District, including but not limited to, certain acts and omissions carried out by and through the School District's officials, employees and agents, violated N.G.'s rights under Title IX by allowing student-on-student harassment against her on the basis of sex by acting with deliberate indifference, and thereby barring N.G. from access to an educational opportunity or benefit.

37.    The School District, its policymakers, officials and agents, had actual notice that harassment based upon sex was so severe, pervasive and objectively offensive that it created a hostile climate, which deprived N.G. of access to the educational programs, activities, opportunities and other benefits of the School District.

38.    However, the School District, its policymakers, officials and agents exhibited indifference to the harassment of N.G.. Through their deliberate indifference, the School District caused N.G. to be subjected to discrimination and harassment based upon sex.

39.    The School District's violations of the Title IX were the actual, direct and proximate cause of injuries suffered by Plaintiff as alleged herein.

40.    Plaintiff has been damaged, and has suffered great harm as a result of the Defendants' conducts. Accordingly, Plaintiff request judgment in their favor against the School District as set forth in the Prayer for Relief.

## SECOND CAUSE OF ACTION

**U.S. Constitution Amendment XIV Denial of Equal Protection on the Basis of Sex
(Pursuant to 20 U.S.C. § 1983 against all Defendants)**

41.    Plaintiff incorporates by reference and realleges paragraphs 1 through 40 of this Complaint as though set forth fully herein.

42.    The above-described acts and omissions of the School District; Bridget Cook; Superintendent; Vice Principal; and Counselor, violated N.G.'s established rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in that:

      a.  These Defendants intentionally discriminated against N.G.:

          i.  on the basis of sex;

          ii.  because of N.G.'s membership in a class of people defined as females;

          iii.  because of N.G.'s membership in a class of people defined as those who do not conform to sexist stereotypes; and/or

          iv.  because of N.G.'s membership in a class of people defined as those males who do not conform to sexist stereotypes.

      b.  Without the rational basis or legitimate governmental interest, and based on animus, these Defendants intentionally treated N.G. differently than other similarly situated students on the basis of sex.

43.    Defendants' violation of N.G.'s rights under the Fourteenth Amendment caused the actual, direct and proximate cause of injuries suffered by N.G. as alleged herein and Plaintiff has suffered great harm as a result of the Defendants' conducts.

44.    Based thereon, Plaintiff request judgment in their favor against the Defendants as set forth in the Prayer for Relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment in her favor and pray for relief against all Defendants as follows:

     1.    For an order granting Plaintiff compensatory and punitive damages against Defendant School District for violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 et seq. in the amount to be determined at trial;

     2.    For an order granting Plaintiff compensatory and punitive damages against individual Defendants for violations of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution in the amount to be determined at trial;

     3.    For attorneys' fees and costs incurred in the prosecution of this action pursuant to 42 U.S.C. § 1988; and

     4.    For any other and further relief as the Court may deem just and proper.

**JURY DEMAND**

     Plaintiff hereby demands a trial by jury of the claims in this Complaint pursuant to Fed. R. Civ. P. 38 and the 7th Amendment of the United States Constitution.

RYU LAW FIRM

Dated:  January 27, 2014         By: _____

Jennifer Chang, Esq.
Attorney for Plaintiff

10

COMPLAINT

**ORIGINAL**

**By Fax**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

N.G., a minor, by and through her parents and natural guardian
SHONTAY ACKERSON

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
ANTELOPE VALLEY UNION HIGH SCHOOL DISTRICT, a government entity; BRIDGET COOK, both individually and in her official capacity; TOM GRADY, both individually and in his official capacity; SUSANA LEONETTI-JOHNSON, both individually and in her official capacity; and DOES 1 through 25, inclusive

**(b)** County of Residence of First Listed Plaintiff   Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Francis S. Ryu, Esq. (SBN 176597); Jennifer S. Chang, Esq. (SBN 282804)
RYU LAW FIRM
5900 Wilshire Blvd., Suite 2250, Los Angeles, CA 90036

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Title IX of the Education Amendments of 1972, 20 U.S.C. 1681 et seq; U.S. Constitution Amendment XIV Denial of the Equal Protection on the Basis of Sex

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☒ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:

**CV14 - 1027**

CV-71 (11/13)   CIVIL COVER SHEET   Page 1 of 3

Case 2:14-cv-01027-RGK-AS   Document 3   Filed 02/19/14   Page 12 of 13   Page ID #:31

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF | A DEFENDANT | |
| ☐ Yes  ☒ No | Indicate the location in which a majority of PLAINTIFFS reside: | Indicate the location in which a majority of DEFENDANTS reside: | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| | Los Angeles County | Ventura, Santa Barbara, or San Luis Obispo Counties | Orange County | Riverside or San Bernardino Counties | Other |
|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ |

**C.1.  Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
**SOUTHERN DIVISION.**
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.  Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
**EASTERN DIVISION.**
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
**WESTERN DIVISION.**
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO    ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO    ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**                          DATE:  02/05/2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ R. Gary Klausner _____ and the assigned Magistrate Judge is _____ Alka Sagar _____ .

The case number on all documents filed with the Court should read as follows:

## CV14-1027-RGK(ASx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 19, 2014
_____
Date

By   C. Sawyer
_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | ☐ Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | ☐ Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**